## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

**DAVID A. BERTUS,**                        **Bankruptcy No. 11-26115-JAD**

      **Debtor.**                            **Chapter 13**

                                       **Document No.**

                                       **Related to Doc. Nos. 201, 212, 216, 219, 223, 225**

                                       **Hearing Date and Time:**
                                       **April 5, 2017 at 10:00 a.m.**

## ORDER OF COURT

WHEREAS, the Debtor herein filed a Motion, at Doc. No. 201 herein, against Residential Credit Solutions, Inc. ("RCS"), in regard to the secured claim of RCS, whereby Debtor asserted that he had cured all arrears due to RCS during the course of the instant Chapter 13 Case and that he had made all current mortgage payments during said Chapter 13 Case and thus, that Debtor was fully current in regard to any obligation owed to RCS ("Debtor's Motion");

WHEREAS, the Debtor further asserted in Debtor's Motion, that, despite curing all arrears claimed by RCS and despite making all current payments due during the course of the Chapter 13 Case, RCS had orally alleged an "escrow shortage" in excess of $20,000.00 and that the monthly mortgage payment of the Debtor was now set to increase from $634.20 per month to $2,757.86 per month with said increase being applicable to "escrow";

WHEREAS, the Debtor disputed that any "escrow shortage" existed and requested in Debtor's Motion that the Court determine that any arrears, including any alleged escrow shortage, had been fully satisfied during the course of the instant Chapter 13 Case;

WHEREAS, subsequent to the filing of Debtor's Motion, but prior to the filing of any response thereto, RCS transferred its claim to Ditech Financial LLC ("Ditech") at Doc. No. 212 herein;

WHEREAS, the Debtor had begun to receive correspondence from Ditech prior to filing of the claim transfer by RCS and thus Debtor had served Debtor's Motion upon not only RCS and its Counsel of record but upon Ditech as well;

WHEREAS, Ditech filed a Response to Notice of Final Cure Payment, at Doc. No. 216 herein, wherein it asserted that "Creditor agrees that the debtor(s) have paid in full the amount required to cure the prepetition default on the creditor's claim" and further, that "Creditor states that the debtor(s) are current with all postpetition payments consistent with §1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs";

WHEREAS, Ditech thereafter filed a Praecipe to Withdraw its Response;

WHEREAS, with Ditech having withdrawn its Response, there is no response of record in regard to Debtor's Motion filed at Doc. No. 201 herein seeking a determination that Debtor is wholly current in regard to the obligation secured by a mortgage on his residence and that no "escrow shortage" exists in regard to said obligation;

WHEREAS, on January 11, 2017, the Court held a hearing on Debtor's Motion and no one appeared on behalf of RCS or Ditech;

WHEREAS, the Court issued an Order at Doc. No. 225 herein, which, inter alia, continued the hearing on Debtor's Motion until April 5, 2017 at 10:00 a.m.; and

NOW THEREFORE, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1. No further transfers of the claim at issue, i.e. Claim No. 13 originally filed by One West Bank, FSB, held by RCS at the time Debtor filed Debtor's Motion and now held by Ditech, shall occur unless and until leave for any such transfer is sought from, and granted by, the Court;

2. RCS and/or Ditech shall file a response to Debtor's Motion to Determine that All Arrears Have Been Cured and that Debtor is Fully Current on Obligations Owed to Residential Credit Solutions, Inc., Including Any Asserted Claim for an Escrow Deficiency, filed herein at Doc. No. 201, within fourteen (14) days of the entry of this Order;

3. Failure on the part of RCS and/or Ditech to respond to the Debtor's Motion within fourteen (14) days of the entry of this Order, as set forth above, may result in possible sanctions including a granting of the relief requested in Debtor's Motion, monetary assessments, an award of attorneys fees and other relief deemed appropriate by the Court;

4. RCS and/or Ditech shall, within thirty (30) days of the entry of this Order, provide a complete accounting of the obligation underlying its claim covering the entire history of said obligation from the inception of said obligation through the present time;

5. Failure on the part of RCS and/or Ditech to provide the complete accounting of the obligation underlying its claim covering the entire history of said

obligation from the inception of said obligation through the present time, within thirty (30) days of the entry of this Order, as set forth above, may result in possible sanctions including a granting of the relief requested in the Debtor's Motion, monetary assessments, an award of attorneys fees and other relief deemed appropriate by the Court;

6. A hearing on the Debtor's Motion and any response thereto will be held on Wednesday, April 5, 2017 at 10:00 a.m. in Courtroom D, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania, 15219

7. Debtor's Counsel shall immediately serve this Order upon Residential Credit Solutions, Inc. at the address set forth in the Notice of Transfer of Proof of Claim filed herein at Doc. No. 156, upon Counsel of Record herein for Residential Credit Solutions, Inc., upon Ditech Financial LLC f/k/a Green Tree Servicing LLC at the address set forth in the Notice of Transfer of Proof of Claim filed at Doc. No. 212, upon Counsel of Record herein for Ditech Financial LLC f/k/a Green Tree Servicing LLC and upon the Chapter 13 Trustee; and

8. Debtor's Counsel shall file a Certificate of Service in regard to the service requirements set forth above.

Date:_____          _____
                                    United States Bankruptcy Court Judge